# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:09-CR-161(1) |
| v. | JUDGE ALGENON L. MARBLEY |
| JARED BLINSKY, | Magistrate Judge Norah McCann King |
| Defendant. | |

## ORDER

This matter is before the Court on Defendant Jared Blinsky's ("Defendant") Motion to Terminate Supervised Release. (Doc. 78.) In June, 2009, a grand jury indicted Defendant and two other individuals for conspiracy to manufacture more than 100 marijuana plants. Defendant entered a plea agreement in January, 2010, and was subsequently sentenced to one month incarceration, four years supervised release, and a $4,000 fine.

Defendant sets forth a number of factors, in his Motion, to support his position that early termination is warranted. For example, Defendant notes that: he has abided by all terms of his supervised release without any violations; he has abstained from illegal drug use as verified by random drug testing; he has reported timely to all probation meetings without any problems; he owns and operates a restaurant called Route 62 Barbeque, where he works long hours; he is involved in the community and various charity events; and he has learned from his experience and realizes "he does not need drugs to be successful, and in fact, drug use actually hampers his ability to achieve his goals." (Doc. 78.)

Defendant has been on supervised release since 2009, and his United States Probation

Officers do not object to his early termination. The Government filed a Response to Defendant's Motion, which takes the position that "[f]or the reasons cited by the defendant, and because the [Probation Officer] has no objection, the United States does not object to the defendant's early termination." (Doc. 79.)

The Court has statutory authority to terminate an offender's supervised release prior to expiration under 18 U.S.C. § 3583(e)(1), which provides in pertinent part:

> (e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Relevant § 3553 factors for the Court to consider in this case include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C).

This Court finds that the § 3553 factors weigh in Defendant's favor. Defendant holds a steady job at Route 62 Barbeque, the restaurant that he owns and operations, and is actively involved in the community and with various charities. Defendant indicates in his Motion that he has learned from his experience and understands that drug use "hampers his ability to achieve his goals." (Doc. 78.) He has also abstained from illegal drug use as verified by random drug testing, and his Probation Officers have no objection to his early termination. Moreover, the Government does not object to this Court granting Defendant's Motion.

For the foregoing reasons, Defendant's Motion to Terminate Supervised Release is

**GRANTED.**

**IT IS SO ORDERED.**

**s/ Algenon L. Marbley**
**Algenon L. Marbley**
**United States District Judge**

**Dated: March 20, 2012**