# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff, | : | Case No. 2:09-CR-161(2) |
| v. | : | JUDGE ALGENON L. MARBLEY |
| MICHAEL MARINELLI, | : | Magistrate Judge Norah McCann King |
| Defendant. | : | |

## ORDER

This matter is before the Court on the Motion of Defendant Michael Marinelli ("Defendant") for Early Termination of Supervised Release. (Doc. 77.) In June, 2009, a grand jury indicted Defendant and two other individuals for conspiracy to manufacture more than 100 marijuana plants. Defendant entered a plea agreement in November, 2009, and was subsequently sentenced to one month incarceration and three years supervised release (with the first 11 months in home confinement).

Defendant sets forth a number of factors, in his Motion, to support his position that early termination is warranted. For example, Defendant notes that: he has held steady employment since the time of his release, working 40 hours plus some overtime each week; he has a stable personal life, and has been married since 2004, with four-year-old twin boys; he has complied with all requirements of his pretrial release; he has successfully completed 11 months of house arrest; he has been on supervised release for 17 months; and he has obeyed all of the rules and restrictions imposed by his United States Probation Officer, Brian Hunt, during his supervised release. Defendant also argues that "[t]here is little to be gained by continuing [his] Supervised

1

Release" and that "the limited resources of the U.S. Probation Office could be better used supervising others who are struggling with their rehabilitation." (Doc. 77.)

The Government filed a Response to Defendant's Motion, in which it notes that Hunt has no objection the Defendant's early termination of supervised release. The Government takes the position that "[f]or the reasons cited by the defendant, and because [Hunt] has no objection, the United States does not object to the defendant's early termination." (Doc. 81.)

The Court has statutory authority to terminate an offender's supervised release prior to expiration under 18 U.S.C. § 3583(e)(1), which provides in pertinent part:

> (e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Relevant § 3553 factors for the Court to consider in this case include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C).

This Court finds that the § 3553 factors weigh in Defendant's favor. Defendant has held steady employment since his release. He has a stable personal life. Defendant has successfully been on supervised release for 17 months and has obeyed by all of the rules and restrictions imposed by Hunt. Moreover, neither Hunt nor the Government objects to Defendant's Motion.

For the foregoing reasons, Defendant's Motion to Terminate Supervised Release is

2

**GRANTED.**

**IT IS SO ORDERED.**

                                                        <u>s/ Algenon L. Marbley</u>
                                                        Algenon L. Marbley
                                                        United States District Judge

**Dated: March 20, 2012**